IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 1:20-cv-01325-RBJ-STV

JESSE FOLKS,

    Plaintiff,

v.

PAUL CLINE, The administrative head and designee protective custody coordinator for the Colorado Department of Corrections, in his individual and official capacities,

    Defendant.

---

ORDER on PENDING MOTIONS

---

Jesse Folks is an inmate in the Colorado Department of Corrections ("CDOC"). He is presently housed in a mental health treatment unit within the Centennial Correctional Facility in Canyon City Colorado.

Mr. Folks, representing himself, filed this case against Paul Cline, described as the administrative head and designee protective custody coordinator for the CDOC, on May 11, 2020. The gist of his original complaint, which he labeled as an application for a writ of habeas petition under 28 U.S.C. § 2254, was that while he has been incarcerated in the CDOC he has been repeatedly threatened and occasionally assaulted by other inmates who bear grudges related his gang affiliation and their perception of him as a "snitch," but that his requests for placement in protective custody have been denied in violation of the Eighth Amendment. *See* ECF No. 1. He acknowledged that he was safe in the mental health program, but he feared that he would be

1

moved to general population where he would again be susceptible to threats and assaults. *Id.* at 4. The specific relief he was seeking was not entirely clear, but my interpretation is that he was seeking a mandatory injunction requiring the CDOC to place him in protective custody when he is discharged from the mental health program.

Magistrate Judge Gallagher informed Mr. Folks that he needed to file a civil rights lawsuit pursuant to 42 U.S.C. § 1983, not a habeas petition under § 2254. *See* ECF No. 3 at 2. On July 20, 2020 Mr. Folks a "Civil Rights Complaint" under 42 U.S.C. § 1983. ECF No. 8. He named Mr. Cline and Majors Hansen, Guliford and Stangler as defendants.

Shortly thereafter Mr. Folks filed a motion for a preliminary injunction and temporary restraining order, seeking to restrain Mr. Cline and others acting in concert with him from moving him from the Centennial Correctional Facility unit where he was housed at that time until his complaints were resolved or he was moved to a protective custody unit. ECF No. 12. Senior District Judge Babcock denied the motion without prejudice. ECF No. 14. The court found that Mr. Folks' had alleged that the last time he was assaulted was in 2015; that he had not alleged that he had been threatened by a specific inmate at the Centennial Correctional Facility; and that his concern that he would be assaulted at that facility was based on speculation and conjecture. *Id.* at 4. Therefore, he had not shown that, at that time, he faced imminent irreparable injury or a likelihood of success on the merits or irreparable injury. *Id.* at 4-5.

On August 24, 2020 Mr. Folks filed an amended complaint, this time naming only Mr. Cline as a defendant. ECF No. 17. The amended complaint provides additional detail about his mental health placement. He alleges that in 2018 he attempted to commit suicide due to the assaults and the "revolving door of insanity by just transferring me from facility to facility with

2

the foresight that I would be assaulted." *Id.* at 6, 7. As a result of his suicide attempt, he was sent to the residential mental health treatment program at the Centennial Correctional Facility. *Id.* at 7. He described this as a temporarily safe facility, but he expects to be at risk of assault when he is moved back into general population. He alleges that he again requested that Mr. Cline assign him to protective custody when he leaves the mental health program, but that Mr. Cline has denied the request. *Id.* at 8. He requested injunctive and declaratory relief. *Id.* at 11.

On the same day Mr. Folks filed another motion for injunctive relief, this time seeking a "permanent injunction," although citing to Rule 65(a) which addresses preliminary injunctions. ECF No. 18. He asks the Court to order Mr. Cline to show cause as to why he and other persons acting in concert with him should not be enjoined from denying him protective custody placement. *Id.* at 1. He wishes to go from his "current safe facility" to protective custody. *Id.* at 2. Mr. Folks also moved for the appointment of counsel to represent him. ECF No. 25.

On September 15, 2020, having by then been assigned this case, I denied the motion to appoint counsel. I noted that there is no provision for appointment of counsel at government expense in civil cases; that under the district's Civil Pro Bono Program the Court is sometimes able to find a volunteer lawyer who will take a case without charge; but that in this case Mr. Folks has been able to present his issue reasonably effectively without counsel. I indicated that I might reconsider the request or refer it to a magistrate judge for a recommendation after receiving the government's response to the amended complaint. *See* ECF No. 27.

On October 26, 2020 the government moved to dismiss the case pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. ECF No. 29. The government confirmed that Mr. Folks was still housed in the mental health unit such that his claimed injury was contingent

on a possible future transfer back to a general population housing unit. As such, the government argued, the potential injury is not sufficiently imminent or concrete to convey standing on this Court. *Id.* at 2-5. Alternatively, the government argued that plaintiff's claim is not ripe, for the same reason. *Id.* at 6.

The government also responded to Mr. Folks' pending motion for injunctive relief. In its response, filed on November 9, 2020, the government noted that Mr. Folks had not alleged that a transfer out of the mental health program had been decided upon, ordered, or planned. ECF No. 32 and 1-2. Thus, the injury of which he complains was still speculative and contingent on future events that might not take place. *Id.* at 3. Accordingly, the government argued, he is not entitled to an injunction (in substance a mandatory preliminary injunction) because he couldn't show likelihood of success on the merits or irreparable harm. *Id.* at 3-5.

Plaintiff's response to the government's motion to dismiss was due in mid-November, 2020. His reply to the government's response to plaintiff's motion for an injunction was due in late November 2020. However, Mr. Folks did not file a response or a reply.

On January 19, 2021 Mr. Folks filed an untimely motion for extension of time to respond to the government's motion to dismiss. ECF No. 34. He stated that the COVID-19 pandemic had prevented access to the law library (but did not explain why his motion for extension of time could not have been timely filed). Nevertheless, the Court granted him an extension to February 5, 2021 to respond to the motion to dismiss, warning that a response filed after that date would not be considered. ECF No. 36.

Mr. Folks did not file a response to the motion to dismiss by February 5, 2021. Instead, on February 4, 2021 he filed a motion to amend his complaint again. ECF No. 38. He explained

4

that he now wished to sue Mr. Cline in his individual capacity for punitive damages. *Id.* at 2. He also wanted to add another plaintiff (defendant?) to his request for injunctive relief. *Id.*

Before the defendant responded to the motion to amend, Mr. Folks on February 10, 2021 filed what would be his second amended civil rights complaint. ECF No. 39. He names Dean Williams, Executive Director of the CDOC, in his official capacity; Mr. Cline in his individual capacity; and the "Offender Services Classification Committee" in its official capacity. This document adds more detail to his description of plaintiff's past acts that have brought on threats and assaults from other inmates. Notably, however, it does not allege that he has been transferred or is about to be transferred out of the mental health unit at the Centennial Correctional Facility. He does not allege facts that, if believed, would show that he is in danger in the mental health unit – a placement that Mr. Folks has acknowledged as safe in his pleadings in this case. The proposed amended complaint for the first time asserts a claim for damages against Mr. Cline individually.

In response defendants urge the Court to deny the motion to amend as futile because, among other things, the prospective injury remains speculative and contingent upon a future transfer that might never take place, and the new damages claim falls outside the statute of limitations and is barred by the Prison Litigation Reform Act's physical injury requirement. ECF No. 41 at 2. Plaintiff did not file a reply. Rather, he filed a motion for a 30-day extension of time from March 1, 2021 to reply, stating that he is researching the time limits and other procedural issues, but that his access to the law library has been limited. ECF No. 43.

With respect to Mr. Folks' request for injunctive relief, I agree with the defendants. Although courts must always construe pro se litigants' pleadings liberally, the fact is that

5

although the wording of Mr. Folks' claims has changed somewhat, the substance of his claim for declaratory and injunctive relief is in no better position today than it was when Judge Babcock denied his first motion for an injunction. He is in, by his own admission, a safe environment now and has been since this case was filed. He has not been moved out of the mental health program at the Centennial Correctional Facility, and there is no evidence that a transfer is imminent. Moreover, if and when the time comes to transfer him, it is unknown whether he will be placed in protective custody or placed back in general population. I understand Mr. Folks' concern. However, his claim is not ripe, and he has not yet suffered the injury in fact that he fears might happen.

The result is that this Court will deny plaintiff's pending motion for injunctive relief, ECF No. 18, and grant in part defendants' motion to dismiss, ECF No. 29. Insofar as plaintiff is seeing declaratory and injunctive relief requiring Mr. Cline to place him in protective custody if and when he is released from the mental health program, the motion is granted without prejudice.

The only reason that the Court is not dismissing this case entirely, without prejudice, is that the defendants have asserted the statute of limitations and the Prison Reform Act as bars to Mr. Folks' recent attempt to bring an individual damages claim against Mr. Cline into this case. Before finally ruling on Mr. Folks' motion to amend to add this claim, I would like for him to have a reasonable opportunity to reply. He has requested a 30-day extension, and I accept that as reasonable.

**ORDER**

1. Plaintiff's motion for an injunction, ECF No. 18, is DENIED.

2. Defendants' motion to dismiss, ECF No. 29, is GRANTED IN PART. To the extent plaintiff is seeking declaratory or injunctive relief directing defendants to place him in protective custody if and when he is transferred out of the mental health program at the Centennial Correctional Facility, the motion is granted and the claims are dismissed without prejudice on grounds that the Court lacks subject matter jurisdiction to grant the relief.

3. The Court defers ruling on plaintiff's motion to amend, ECF No. 38.

4. Plaintiff's motion for an extension of time, ECF No. 43, is GRANTED. The Court grants an extension of time for plaintiff to file a reply to defendants' response to plaintiff's motion to amend to April 9, 2021.

DATED this 24th day of March, 2021.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge